UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| GUILLERMO PEREZ-AQUILLAR ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. CV203-004 |
| ) | (ALAIMO, J.) |
| D.L. HOBBS, WARDEN, ) | |
| and JOHN ASHCROFT, ) | |
| ATTORNEY GENERAL, ) | |
| ) | |
| Respondents. ) | |

## ORDER

The April 15, 2003 Judgment of this Court denying petitioner's habeas corpus petition having been VACATED by the May 6, 2005 opinion of the United States Court of Appeals and REMANDED to this court for further proceedings consistent with that opinion;

IT IS HEREBY ORDERED that the Judgment of the Eleventh Circuit Court of Appeals is made the judgment of this court;

IT IS FURTHER ORDERED that pursuant to the Eleventh Circuit's Judgment that Mr. Perez-Aquillar's petition for habeas corpus is hereby GRANTED subject to the June 22, 2005 release plan, with restrictions, that has been ordered by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement;

IT IS FURTHER ORDERED that Mr. Perez-Aquillar's release remains subject to a change in the reasonable foreseeability of his removal to Cuba so that detention becomes necessary to effectuate removal and further that nothing in this court's order shall be deemed as the lawful admission of the petitioner into the United States;

SO ORDERED,

This 13TH day of July 2005, at Brunswick, Georgia.

THE HONORABLE ANTHONY A. ALAIMO
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States Court of Appeals
For the Eleventh Circuit

No. 03-12231

District Court Docket No.
03-00004-CV-AAA-2

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

May 6, 2005

THOMAS K. KAHN
CLERK

GUILLERMO PEREZ-AQUILLAR,

Petitioner-Appellant,

versus

JOHN ASHCROFT,
D. L. HOBBS, Warden,

Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Southern District of Georgia

JUDGMENT ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUN 2 8 2005
U.S. COURT OF APPEALS
ATLANTA, GA

Entered:       May 6, 2005
For the Court: Thomas K. Kahn, Clerk
By:            Gilman, Nancy

FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 JUL -8 A 11: 45
CLERK
SO. DIST. OF GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 03-12231
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00004-CV-AAA-2

GUILLERMO PEREZ-AQUILLAR,

Petitioner-Appellant,

versus

JOHN ASHCROFT,
D. L. HOBBS, Warden,

Defendants-Appellees.

Appeal from the United States District Court for the
Southern District of Georgia

(May 6, 2005)

ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of Clark v. Martinez,

--- U.S. ----, 125 S. Ct. 716, --- L. Ed. 2d ---- (2005). Appellant Perez-Aquillar is a Mariel Cuban who was paroled into the United States in 1980 but whose parole was later revoked based upon his criminal convictions. We previously affirmed the district court's denial of this 28 U.S.C. § 2241 habeas corpus petition, in which he argued that his continued detention violated his due process rights. See Perez-Aquillar v. Ashcroft, Case No. 03-12231, 88 Fed. Appx. 382 (11th Cir. Nov. 13, 2003) (Table). In affirming the denial of habeas relief, we held that inadmissible aliens, such as Perez-Aquillar, do not have "constitutional or statutory rights to be free from indefinite detention. Thus, the district court did not err in dismissing Perez-Aquillar's § 2241 petition." Id., slip op. at 3.

In Zadvydas v. Davis, 533 U.S. 678, 689, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) to authorize the continued detention of legal permanent aliens beyond the mandated 90-day removal period, but only for as long as "reasonably necessary" to effectuate removal from the country. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." Id. at 699. "[T]he presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of

removal in the reasonably foreseeable future.'" Clark, 125 S. Ct. at 722 (quoting Zadvydas, 533 U.S. at 701).

In Clark, the Court extended its interpretation of § 1231(a)(6) to inadmissible aliens, such as Perez-Aquillar. The Court also vacated and remanded for reconsideration our decision in Benitez v. Wallis, 337 F.3d 1289 (11th Cir. 2003), in which we had affirmed the denial of § 2241 habeas relief to an inadmissable Cuban alien. On remand, we explained that under Clark, an inadmissible alien can no longer be detained beyond statutory 90-day removal period of 8 U.S.C. § 1231(a)(1), where there was no significant likelihood of removal in the reasonable foreseeable future. Benitez v. Wallis, --- F.3d ----, 2005 WL 564136 (11th Cir. Mar. 11, 2005). As we stated:

> Clark effectively ends this case. There is no contention that conditions in Cuba have changed so that Benitez's removal to Cuba is reasonably foreseeable. Therefore, until this Country's relationship with Cuba changes so that removal is reasonably foreseeable or Congress amends 8 U.S.C. § 1231(a)(6) to distinguish between resident aliens and inadmissible aliens, Clark dictates that Benitez is entitled to be released and paroled into the country. See Clark, 125 S. Ct. at 727 ("Both Martinez and Benitez were detained well beyond six months after their removal orders became final. The Government having brought forward nothing to indicate that a substantial likelihood of removal subsists despite the passage of six months (indeed, it concedes that it is no longer even involved in repatriation negotiations with Cuba); and the District Court in each case having determined that removal to Cuba is not reasonably foreseeable; the petitions for habeas corpus should have been granted."); id. at 721 n.

3

3 (noting that Benitez was subject to the conditions of release and 8 U.S.C. § 1253 authorized his detention if he violated the conditions of release); see also Clark, 125 S. Ct. at 728 (O'Connor, J., concurring) ("[A]ny alien released as a result of today's holding remains subject to the conditions of supervised release.... And, if he fails to comply with the conditions of release, he will be subject to criminal penalties--including further detention." (citations omitted)).

2005 WL 564136, at *2.

In short, the instant case, which is factually indistinguishable and raises the same legal issues, is controlled by our decision in Benitez. Accordingly, we vacate our November 13, 2003 decision, affirming the denial of Perez-Aquillar's § 2241 petition. We **VACATE** the district court's denial of the § 2241 petition and **REMAND** this case to the district court with instructions to grant the § 2241 petition and order Perez-Aquillar's parole and release subject to "(1) the restrictions set forth in his release, and (2) a change in the reasonable foreseeability of his removal to Cuba so that detention becomes necessary to effectuate removal." Benitez, 2005 WL 564136, at *2.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

A True Copy - Attested
Clerk U.S. Court of Appeals
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

4

# United States District Court
## Southern District of Georgia

PEREZ-AQUILLAR )

vs )  CASE NUMBER  CV203-4

HOBBS, ET AL )  DIVISION  BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 7/13/05, which is part of the official record of this case.

Date of Mailing:  7/13/05

Date of Certificate  [X] same date, or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

**Name and Address**

Delora Kennebrew
Guillermo Perez-Aquillar, 08877-000, FCI Jesup, 2680 Highway 301 S, Jesup, GA 31599
BOP (fax)
Warden, FCI Jesup (fax)

[ ] Copy placed in Minutes
[X] Copy given to Judge
[ ] Copy given to Magistrate

```
Confirmation Report - Memory Send

                                    Page       : 001
                                    Date & Time: 13-Jul-2005  10:45am
                                    Line 1     : 9122801331
                                    Machine ID : United States District Court

Job number        :  026
Date              :  13-Jul 10:43am
To                :  ☎819124271125
Number of pages   :  008
Start time        :  13-Jul 10:43am
End time          :  13-Jul 10:45am
Pages sent        :  008
Status            :  OK

Job number    : 026          *** SEND SUCCESSFUL ***
```

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF GEORGIA
#### Brunswick Division

Scott L. Poff
Clerk

Telephone:
(912) 280-1330



### FACSIMILE TRANSMITTAL SHEET

Date : 7/13/2005

To : Warden, FCI, Jesup          From : Buford Rowe

Document Description : Order Re: Guillermo Perez-Aquillar

Total Number of Pages : 7
(Excluding Transmittal Page)

Local Contact Person : Buford Rowe
Telephone Number : 912/280-1333

Note : Attached is the recent mandate from the U. S. Court of Appeals along with the order entered by Judge Alaimo consistent with the mandate.

```
Confirmation Report - Memory Send

                                    Page       : 001
                                    Date & Time: 13-Jul-2005  02:34pm
                                    Line 1     : 9122801331
                                    Machine ID : United States District Court

Job number        :  028

Date              :  13-Jul 02:33pm

To                :  ☏814047309785

Number of pages   :  008

Start time        :  13-Jul 02:33pm

End time          :  13-Jul 02:34pm

Pages sent        :  008

Status            :  OK

Job number   : 028            *** SEND SUCCESSFUL ***
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### Brunswick Division

Scott L. Poff  
Clerk

Telephone:  
(912) 280-1330



### FACSIMILE TRANSMITTAL SHEET

Date : _____7/13/2005_____

To : _____Bureau of Prisons_____    From : _____Sherry Taylor_____

Document Description : Order on Perez-Aquillar regarding release from FCI Jesup

Total Number of Pages : ___7___  
(Excluding Transmittal Page)

Local Contact Person : _____  
Telephone Number : _____

Note :